UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| LELAND FOSTER, | ) | Case No. 1:26-cv-617 |
| | ) | |
| And | ) | |
| | ) | Judge: |
| MARK FULTZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| GRAND BEACH RESORT PARTNERS | ) | |
| LLC, a Michigan limited liability | ) | |
| company, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| SUGAR BEACH RESORT | ) | |
| PARTNERS, LLC, a Michigan limited | ) | |
| liability company, | ) | |
| | ) | |
| Defendants. | | |

## **COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiffs Leland Foster, individually, and Plaintiff Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr., hereby files this Complaint against Defendant Grand Beach Resort Partners LLC, a Michigan limited liability company and Defendant Sugar Beach Resort Partners, LLC, a Michigan limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1.      This action is brought by the Plaintiff, Leland Foster, individually, and by the Plaintiff Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendants as delineated herein.

2.      The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendants' violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3.      Venue is proper in the Western District of Michigan as venue lies in the judicial district of the property *situs*. The Defendants' properties and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4.    Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is sui juris, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5.    Plaintiff, Mark Fultz ("Plaintiff" or "Mr. Fultz"), is a Florida resident, is sui juris, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

6.    The Defendant Grand Beach Resort Partners LLC owns and/or operates the Grand Beach Resort Hotel, which is a hotel located at 1683 US 31 North Traverse City, Michigan 49686 in Grand Traverse County.

7.    The Defendant Sugar Beach Resort Partners, LLC owns and/or operates the Sugar Beach Resort Hotel, which is a hotel located at 1773 US 31 North Traverse City, Michigan 49686 in Grand Traverse County.

8.    The Defendants are affiliated businesses and share between them, at minimum, a website, reservation system and parent company.

9.    The Grand Beach Resort Hotel was originally built by the Defendant Grand Beach Resort Partners LLC's predecessor-in-interest commencing in 1992 and granted permits for occupancy in 1993, as well as underwent extensive renovation and alteration by the Defendant (or its predecessor) completed in 2003, and is non-compliant with the remedial provisions of the ADA for newly designed and

constructed or altered facilities. Full compliance with the 1991 ADAAG Standards or 2010 ADA Standards implementing regulations of the ADA is required for this hotel as applicable unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

10.    The Sugar Beach Resort Hotel was originally built by the Defendant Sugar Beach Resort Partners, LLC's predecessor-in-interest commencing in 1995 and granted permits for occupancy in 1995, as well as underwent extensive renovation and alteration by the Defendant (or its predecessor) completed in 2006, and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the 1991 ADAAG Standards or 2010 ADA Standards implementing regulations of the ADA is required for this hotel as applicable unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

11.    The hotels owned or operated by the Defendants Grand Beach Resort Partners LLC and Sugar Beach Resort Partners, LLC are non-compliant with the remedial provisions of the ADA. As Defendants either owns, leases, lease to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA.  Defendants' resort hotels are places

of public accommodation.  Defendants' properties fails to comply with the ADA and its regulations, as also described further herein.

12.    Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body. He uses a manual wheelchair and motorized scooter for mobility and can occasionally walk short distances with the use of a cane.

13.    Raised in Michigan, Mr. Fultz has relatives including his sister, son, daughter, grandchildren, and cousins in suburban Detroit, Ann Arbor and Brighton areas.  He visits often and his family has continued to vacation together annually to Northern Michigan and Traverse City area specifically.  Plaintiff Fultz has frequented many establishments in the Grand Traverse County region and has been an overnight guest and bona fide customer at the hotel property that forms the basis of this lawsuit.

14.    Mr. Fultz, patronized the Defendant Sugar Beach Resort Hotel, LLC's resort hotel, the Sugar Beach Resort Hotel, on June 21, 2024 as an overnight guest. While at Defendant's place of public accommodation, Mr. Fultz encountered architectural barriers at the subject property that violated the ADA and its regulations.

15.    Mr. Fultz encountered architectural barriers at the Sugar Beach Resort Hotel that violate the ADA and its regulations.  The barriers to access at the property have endangered Mr. Fultz's safety.

16.    Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff has difficulty grasping with his hands also

as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

17.    Mr. Foster is an avid adaptive sports enthusiast and participates regularly with the active local adaptive sports community in Western Michigan.  Leland Foster travels to the Traverse City area to participate in adaptive sporting, and for vacations and for personal recreation multiple times annually and frequents many establishments in the Grand Traverse County region and has twice been a customer at the Grand Beach Resort Hotel property that forms the basis of this lawsuit.

18.    Plaintiff Leland Foster has twice been an overnight hotel guest at the Grand Beach Resort Hotel that forms the basis of this lawsuit on June 12, 2022 and most recently on October 8, 2025, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.  He has been an overnight guest in room numbers 220 and 121.

19.    Mr. Foster encountered architectural barriers at the subject property that violate the ADA and its regulations.  The barriers to access at the property have endangered Mr. Foster's safety.

20.    The Plaintiffs have a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in

this complaint.  Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.

21.    Plaintiffs desire to visit the Defendants' places of business again on future occasions, not only to avail themself of the goods and services available at the properties but to assure himself that the properties are in compliance with the ADA so that they and others similarly situated will have full and equal enjoyment of the hotels and their amenities without fear of discrimination.

22.    The Defendants have discriminated against the Plaintiffs Leland Foster and Mark Fultz by denying them access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

23.    The Defendants have discriminated, and are continuing to discriminate, against the Plaintiffs in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

24.    A preliminary inspection of the Sugar Beach Resort Hotel and Grand Beach Resort Hotel, including its facilities, has shown that many violations of the ADA exist.  These violations include, but are not limited to:

## **Grand Beach Resort Hotel**

## Parking & Passenger Loading Zone

A.   There is not the required 5-foot-wide marked access aisle in the vehicle pull-up space at the hotel passenger loading zone, in violation of the ADA section 503.3 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required, or at minimum, readily achievable.

B.   There is no accessible parking space(s) serving the lobby entrance or otherwise dispersed and located on the shortest accessible route to the accessible entrances, in violation of the ADA section 208.3.1 of the 2010 Standards and 1991 ADAAG section 4.6.2, whose remedy is strictly required, or at minimum, readily achievable.

C.   In the parking lot, some accessible parking spaces are striped too narrow, in violation of the ADA section 502.2 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required, or at minimum, readily achievable.

D.   In the parking lot, accessible parking space access aisles do not connect to an accessible route, in violation of the ADA section 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required, or at minimum, readily achievable.

E.   In the parking lot, signs identifying "van accessible" parking are missing the sign identifying it as a 'van accessible' stall, in violation of the ADA section

502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

Accessible Routes

F.   There are no accessible routes within the site connecting accessible facilities on the same site, for example to the beach or to the on-site water sports rentals, in violation of the ADA and section 206.2 of the 2010 Standards and 1991 ADAAG section 4.1.2(1) and (2), whose remedy is strictly required, or at minimum, readily achievable.

G.   There is no accessible route from the hotel facility entrances to public transportation stops and the public right-of-way, in violation of the ADA and Section 206.2 of the 2010 Standards and 1991 ADAAG Section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

H.   In the stairwells and beach stairs, the handrails are missing on one side, in violation of the 2010 Standards section 505.2 and 1991 ADAAG section 4.9.4, whose remedy is strictly required, or at minimum, readily achievable.

I.   At the guest laundry entry, the sign providing information is located out of compliance, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 AGAAG section 4.30.6, whose remedy is readily achievable.

Access to Goods and Services

J.     At the registration desk, the transaction counter is too high and there is no

portion of the counter surface that is 36 inches long minimum and 36 inches

high maximum above the finish floor, in violation of the ADA section 904.4

and 904.4.1 of the 2010 Standards and 1991 ADAAG section 7.2(1), (2),

whose remedy is strictly required or at minimum is readily achievable.

Lobby Restrooms

K.     At the Men's and Women's public lobby restroom entry, the signage

providing information is located out of compliance as it lacks the

international symbol of accessibility and tactile braille and is not located at

the latch side of the door, in violation of the ADA and sections 216.8 and

703.4.2 of the 2010 Standards, in violation of the ADA section of the 2010

Standards and 1991 AGAAG sections  4.30.4, 4.30.6 and 4.30.7, whose

remedy is strictly required or, at minimum, readily achievable.

L.     In the Men's public restroom, the toilet paper is not properly mounted, in

violation of the ADA and section 604.7 of the 2010 Standards, whose

remedy is strictly required or, at minimum, readily achievable.

M.    In the Men's public restroom, the rear wall grab bar is not 36" minimum in

length as required, in violation of the ADA section 604.5.2 of the 2010

Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly

required or, at minimum, readily achievable.

N.     In the Men's public restroom, the flush handle is located on the wrong side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at minimum, readily achievable.

O.     In the Men's public restroom, the sink is missing the required knee and toe clearances, in violation of the ADA section 306.3 of the 2010 Standards and 1991 ADAAG section 4.24.3, whose remedy is readily achievable.

P.     In the Men's public restroom, the clear floor space around the toilet is out of compliance, in violation of the ADA section 604.3.1 of the 2010 Standards and 1991 ADAAG section 4.71.3, whose remedy is readily achievable.

Q.     In the Men's public restroom, the height of the mirror is out of compliance and mounted in excess of 40 inches above the finish floor to the reflective surface, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or at minimum is readily achievable.

R.     In the men's public restroom the water closet is not located 16 to 18 inches from the side wall or partition measured to its centerline, in violation of the ADA and Section 604.2 of the 2010 Standards and 1991 ADAAG Section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

S.    The women's restroom contains equivalent barriers to accessibility, in violation of the ADA whose remedy is strictly required or, at minimum, readily achievable.  A survey of the restroom is necessary.

Mobility Accessible Guestroom #220

T.    At the guest room #220 entry, the sign providing information is located out of compliance, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 AGAAG section 4.30.6, whose remedy is strictly required or, at minimum, readily achievable.

U.    In accessible guest room #220, the threshold of the patio door is greater than ½ inch, in violation of the ADA section 404.2.5 of the 2010 Standards and 1991 ADDAG section 4.13.8, whose remedy is strictly required or, at minimum, readily achievable.

V.    In accessible guestroom #220, there is not compliant latch side maneuvering clearance at the guest room door to exit, in violation of the ADA section 404.2.4.1 on the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

W.    In accessible guest room #220, the robe hook is too high and out of the maximum reach range, in violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, is readily achievable.

X.  In accessible guest room #220, there is not sufficient maneuvering clearance to access the thermostat due to the placement of the bed, in violation of the ADA and section 305.3 of the 2010 Standards and 1991 ADAAG section 4.2.4.1, whose remedy is strictly required or, at minimum, readily achievable.

Y.  In accessible guestroom #220, the door hardware to the bathroom is not compliant as it requires tight grasping and twisting to operate, in violation of the ADA and section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required or, at minimum, readily achievable.

Z.  In accessible guestroom #220, there is not compliant latch side maneuvering clearance at the bathroom door to exit, in violation of the ADA and section 404.2.4.1 on the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

AA.  In accessible guest room #220, there is no fixed or removable seat for the bathtub, in violation of the ADA and section 607.3 of the 2010 Standards and Section 4.20.3 of the 1991 Standards, whose remedy is strictly required the bathtub seat is not provided.

BB.  In accessible guest room #220, the bathtub grab bars are out of compliance or missing, in violation of the ADA and section 607.4.2 of the 2010

Standards and 1991 ADAAG section 4.20.4, whose remedy is strictly

required or, at minimum, readily achievable.

CC.    In accessible guest room #220, the bathtub controls are not located between

the bathtub rim and grab bar, and between the open side of the bathtub and

the centerline of the width of the bathtub, in violation of the ADA section

607.5 for the 2010 Standards and 1991 ADAAG section 4.20.5, whose

remedy is strictly required or, at minimum, readily achievable.

DD.    In accessible guestroom #220, the hand held shower spray unit is out of

compliance as the hose is not 59 inches long minimum and the shower spray

unit does not have an on/off control with a non-positive shut-off, in violation

of the ADA and section 607.6 of the 2010 Standards and 1991 ADAAG

section 4.20.5, whose remedy is strictly required or, at minimum, readily

achievable.

EE.    In accessible guestroom #220, the bathtub handheld shower spray unit is

mounted in excess of 48 inches above the finish floor to its operable parts, in

violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991

ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, is

readily achievable.

FF.  The bathroom's toilet rear grab bar is missing, in violation of the ADA and Section 604.5.2 of the 2010 Standards and 1991 ADAAG Section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

GG.  The bathroom's toilet side grab bar is out of compliance and does not extend 54 inches minimum from the rear wall and is also mounted below 33 inches above the floor to the top of the gripping surface, in violation of the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section 4.16.4 whose remedy is strictly required or at minimum is readily achievable.

HH.  In the restroom the water closet is not located 16 to 18 inches from the side wall or partition measured to its centerline, in violation of the ADA and Section 604.2 of the 2010 Standards and 1991 ADAAG Section 4.16.2, whose remedy is strictly required or, at minimum, readily achievable.

Guestroom #121

II.  At the Guest Room #121 entry, the sign providing information is located out of compliance, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 AGAAG section 4.30.6, whose remedy is strictly required or, at minimum, readily achievable.

JJ.  In accessible guestroom #121, there is not compliant latch side maneuvering clearance at the guest room door to exit, in violation of the ADA section

404.2.4.1 on the 2010 Standards and 1991 ADAAG section 4.13.6, whose

remedy is strictly required or, at minimum, readily achievable.

KK.    There is no fixed seat in the roll-in shower, in violation of sections 608.4 of

the 2010 ADA Standards and 1991 ADAAG sections 9.1.2, figure 57(a),

figure 57(b) and 4.21.3, whose remedy is strictly required or, at minimum,

readily achievable.

LL.    The roll-in shower faucet controls and shower spray are not located on the

back wall adjacent to the seat a maximum of 27 inches from the seat wall

and the controls, faucets, and shower spray unit are located higher than 48

inches above the shower floor, in violation of the ADA and Section 608.5.2

and 308.2.1 of the 2010 Standards and 4.21.3 and 4.21.5 of the 1991

Standards, whose remedy is strictly required or, at minimum, readily

achievable.

MM.    In the restroom the hand held shower spray unit is out of compliance as the

hose is not 59 inches long minimum and the shower spray unit does not have

an on/off control with a non-positive shut-off, in violation of the ADA and

section 608.6 of the 2010 Standards and 1991 ADAAG section 4.21.6,

whose remedy is strictly required or, at minimum, readily achievable.

NN.    Grab bars inside the shower compartment are non-compliant, in violation of

the ADA and section 608.3.2 of the 2010 Standards and 1991 ADAAG

section 4.21.2, whose remedy is strictly required or, at minimum, readily achievable.

Designated Mobility Accessible Guestrooms Generally

OO.  Leland Foster believes substantially similar barriers to handicap access for the mobility impaired exist in all guestrooms that are designated as mobility accessible guestrooms throughout the hotel similar to those experienced by the Plaintiff in guestroom numbers 220 and 121 which require remedying.

Type and Number of Designated Accessible Guestrooms

PP.  The Grand Beach Resort Hotel has a legally insufficient total number of hotel guestrooms fitted with mobility accessible features. Whereas, for a property with 102 guestrooms, there must be a minimum of 5 mobility accessible guestrooms without a roll-in shower and a minimum of 2 of mobility accessible guestrooms with a roll-in shower, totaling 7 designated mobility accessible guestrooms. This is in violation of the ADA and section 224.2 of the 2010 Standards and section 9.1.2 of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

QQ. The hotel's designated accessible guestrooms are not disbursed among the various classes of guestrooms, whereas the property offers numerous different types of rooms and various bed arrangements including the 1 King bed petite room (which is this property's economy room), family rooms, 2

King Bedroom & 2 Bathroom rooms, 2 King Studio with Kitchen and sofa sleeper.  These rooms offer different square footages, amenities and widely varied price points.  However, guests who require mobility accessible accommodations are restricted to a 2 Queen bed room, whereas able-bodied patrons and guests have access to reserve and stay at the full range of room classes. This is in violation of the ADA and section 224.5 of the 2010 Standards and section 9.1.4(1) of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

Pool and Spa Area

RR.    In the pool/spa area, the spa does not have at least one accessible means of entry, in violation of the ADA section 242.4 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

SS.    In the pool area, the adaptive pool lift located at the indoor pool is not available for independent use by hotel patrons (its covered and its operation could not be ascertained), in violation of the ADA section 1009.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Exercise Room

TT.    In the exercise room, exercise machines and equipment do not have at least 36 inches of clear floor space complying with 305 positioned for transfer or

for use by an individual seated in a wheelchair, in violation of the ADA and Sections 206.2.13, 236 and 1004.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

Deck and Beach area

UU.   There is no accessible route to the beach rinsing shower, in violation of the ADA and section 206.2 of the 2010 Standards and 1991 ADAAG section 4.1.2(1) and (2), whose remedy is strictly required, or at minimum, readily achievable.

VV.   There is not an accessible route from the deck/patio to the beach, beach lounge chairs, or the water, in violation of the ADA and section 206.2 of the 2010 Standards and 1991 ADAAG section 4.1.2(1) and (2), whose remedy is strictly required, or at minimum, readily achievable.

WW.  There are picnic tables provided at the beach patio level, but there are none accessible seating or compliant accessible dining surfaces provided with required knee and toe clearances, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required, or at minimum, readily achievable.

Game Room

XX.   At the game room entry, the sign providing information is not located 48 inches minimum to 60 inches maximum above the finish floor and alongside

the door at the latch side, in violation of the ADA section 703.4.2 of the 2010 Standards and 1991 AGAAG section 4.30.6, whose remedy is strictly required, or at minimum, readily achievable.

YY.   At the game room entrance, the door hardware is not accessible and requires tight grasping and twisting, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required, or at minimum, readily achievable.

Laundry

ZZ.   The top load washers are not accessible as the operable parts are out of reach range, in violation of the ADA sections 308 and 309 of the 2010 Standards and 1991 ADAAG section 4.27.3, whose remedy is strictly required, or at minimum, readily achievable.

**Sugar Beach Resort Hotel**

Parking & Passenger Loading Zone

3A.   There is not the required 5-foot-wide marked access aisle in the vehicle pull-up space at the hotel passenger loading zone, in violation of the ADA section 503.3 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required, or at minimum, readily achievable.

3B.   There is no accessible parking space(s) serving the lobby entrance or otherwise dispersed and located on the shortest accessible route to the

accessible entrances, in violation of the ADA section 208.3.1 of the 2010

Standards and 1991 ADAAG section 4.6.2, whose remedy is strictly

required, or at minimum, readily achievable.

3C.    In the parking lot, some accessible parking spaces are striped too narrow, in

violation of the ADA section 502.2 of the 2010 Standards and 1991

ADAAG section 4.6.3, whose remedy is strictly required, or at minimum,

readily achievable.

3D.    In the parking lot, accessible parking space access aisles do not connect to

an accessible route, in violation of the ADA section 502.3 of the 2010

Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly

required, or at minimum, readily achievable.

3E.    Some designated accessible parking signage is entirely lacking or otherwise

obscured so completely they cannot be seen, in violation of the ADA and

section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose

remedy is strictly required or, at minimum, readily achievable.

3E.    There are no designated van accessible parking spaces, in violation of the

ADA and section 208.2.4 of the 2010 Standards and 1991 ADAAG Section

4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

3F.    In the parking lot, signs identifying "van accessible" parking are missing the

sign identifying it as a 'van accessible' stall, in violation of the ADA section

502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required, or at minimum, readily achievable.

Accessible Routes

3G.   There are no accessible routes within the site connecting accessible facilities on the same site, for example to the beach or to the on-site water sports rentals, in violation of the ADA and section 206.2 of the 2010 Standards and 1991 ADAAG section 4.1.2(1) and (2), whose remedy is strictly required, or at minimum, readily achievable.

3H.   There is no accessible route from the hotel facility entrances to public transportation stops and the public right-of-way, in violation of the ADA and Section 206.2 of the 2010 Standards and 1991 ADAAG Section 4.3.2, whose remedy is strictly required or, at minimum, readily achievable.

3I.   In the stairwells and beach stairs, the handrails are missing on one side, in violation of the 2010 Standards section 505.2 and 1991 ADAAG section 4.9.4, whose remedy is strictly required, or at minimum, readily achievable.

Lobby Restrooms

3J.   At the Men's and Women's public lobby restroom entry, the sign providing information is not located 48 inches minimum to 60 inches maximum above the finish floor and alongside the door at the latch side and lacks the international symbol of accessibility, in violation of the ADA and sections

216.8 and 703.4.2 of the 2010 Standards and 1991 AGAAG sections  4.30.4,

4.30.6 and 4.30.7, whose remedy is strictly required or, at minimum, readily

achievable.

3K.    In the Men's public restroom, the flush handle is located on the wrong side

of the toilet, in violation of the ADA section 604.6 of the 2010 Standards

and 1991 ADAAG section 4.16.5, whose remedy is strictly required or, at

minimum, readily achievable.

3L.    In the Men's public restroom, the toilet's side grab bar is out of compliance

and does not extend 54 inches minimum from the rear wall, in violation of

the ADA section 604.5.1 of the 2010 Standards and 1991 ADAAG section

4.16.4 whose remedy is strictly required or at minimum is readily

achievable.

3M.    The women's restroom contains equivalent barriers to accessibility, in

violation of the ADA whose remedy is strictly required or, at minimum,

readily achievable.  A survey of the restroom is necessary.

Guestroom #222

3N.    At the guest room #222 entry, the sign providing information is not located

48 inches minimum to 60 inches maximum above the finish floor and

alongside the door at the latch side, in violation of the ADA and sections

216.8 and 703.4.2 of the 2010 Standards and 1991 AGAAG sections  4.30.4,

4.30.6 and 4.30.7, whose remedy is strictly required or, at minimum, readily achievable..

3O.   In accessible guestroom #222, there is not compliant latch side maneuvering clearance at the guest room door to exit, in violation of the ADA section 404.2.4.1 on the 2010 Standards and 1991 ADAAG section 4.13.6, whose remedy is strictly required or, at minimum, readily achievable.

3P.   In accessible guest room #222, the threshold of the patio door is greater than ½ inch, in violation of the ADA section 404.2.5 of the 2010 Standards and 1991 ADDAG section 4.13.8, whose remedy is strictly required or, at minimum, readily achievable.

3Q.   In accessible guest room #222, the patio door does not provide a minimum 32-inch clear opening, in violation of the ADA and Section 404.2.3 of the 2010 Standards and 1991 ADAAG Section 4.13.5, whose remedy is strictly required or, at minimum, is readily achievable.

3R.   In accessible guest room #222, the closet door does not provide a minimum 32-inch clear opening, in violation of the ADA and Section 404.2.3 of the 2010 Standards and 1991 ADAAG Section 4.13.5, whose remedy is strictly required or, at minimum, is readily achievable.

3S.   The guestroom iron and hangars are located on a closet shelf that is too high and out of the maximum reach range, in violation of the ADA and Section

308.2.1 of the 2010 Standards and 1991 ADAAG Section 4.2.5, whose

remedy is strictly required or, at minimum, is readily achievable.

3T.    In accessible guest room #222, there is no fixed or removable seat for the

bathtub, in violation of the ADA and section 607.3 of the 2010 Standards

and Section 4.20.3 of the 1991 Standards, whose remedy is strictly required

the bathtub seat is not provided.

3U.    In accessible guest room #220, the bathtub controls are not located between

the bathtub rim and grab bar, and between the open side of the bathtub and

the centerline of the width of the bathtub, in violation of the ADA section

607.5 for the 2010 Standards and 1991 ADAAG section 4.20.5, whose

remedy is strictly required or, at minimum, readily achievable.

3V.    In accessible guestroom #222, the hand held shower spray unit is out of

compliance as the hose is not 59 inches long minimum and the shower spray

unit does not have an on/off control with a non-positive shut-off, in violation

of the ADA and section 607.6 of the 2010 Standards and 1991 ADAAG

section 4.20.5, whose remedy is strictly required or, at minimum, readily

achievable.

3X.    In accessible guestroom #222, the bathtub handheld shower spray unit is

mounted in excess of 48 inches above the finish floor to its operable parts, in

violation of the ADA and Section 308.2.1 of the 2010 Standards and 1991

ADAAG Section 4.2.5, whose remedy is strictly required or, at minimum, is

readily achievable.

3Y.    In the bathroom, the flush handle is located on the wrong side of the toilet, in

violation of the ADA section 604.6 of the 2010 Standards and 1991

ADAAG section 4.16.5, whose remedy is strictly required or, at minimum,

readily achievable

Designated Mobility Accessible Guestrooms Generally

3Z.    Mark Fultz believes substantially similar barriers to handicap access for the

mobility impaired exist in all guestrooms that are designated as mobility

accessible guestrooms throughout the hotel similar to those experienced by

the Plaintiff in guestroom numbers 222 which require remedying.

4A.    There is no mobility accessible guestroom with a roll-in shower, whereas a

minimum of one is required, in violation of the ADA and section 224.2 of

the 2010 Standards and section 9.1.2 of the 1991 ADAAG whose remedy is

strictly required or, at minimum, readily achievable.

Type and Number of Designated Accessible Guestrooms

4B.    The Sugar Beach Resort Hotel has a legally insufficient total number of

hotel guestrooms fitted with mobility accessible features. Whereas, for a

property with 99 guestrooms, there must be a minimum of 4 mobility

accessible guestrooms without a roll-in shower and a minimum of 1 of

mobility accessible guestrooms with a roll-in shower, totaling 5 designated

mobility accessible guestrooms. This is in violation of the ADA and section

224.2 of the 2010 Standards and section 9.1.2 of the 1991 ADAAG whose

remedy is strictly required or, at minimum, readily achievable.

4C.  The hotel's designated accessible guestrooms are not disbursed among the

various classes of guestrooms, whereas the property offers numerous

different types of rooms and various bed arrangements including the 1 King

bed room, Family Suites, Junior Suites, 2 King Bedroom & 2 Bathroom

rooms, 1 King and 1 Queen bed and sofa sleeper room.  These rooms offer

different square footages, amenities and widely varied price points.

However, guests who require mobility accessible accommodations are

restricted to a 1 King bed room, whereas able-bodied patrons and guests

have access to reserve and stay at the full range of room classes. This is in

violation of the ADA and section 224.5 of the 2010 Standards and section

9.1.4(1) of the 1991 ADAAG whose remedy is strictly required or, at

minimum, readily achievable.

## Deck and Beach area

4D.  There is no accessible route to the beach rinsing shower, in violation of the

ADA and section 206.2 of the 2010 Standards and 1991 ADAAG section

4.1.2(1) and (2), whose remedy is strictly required, or at minimum, readily achievable.

4E.    There is not an accessible route from the deck/patio to the beach, beach lounge chairs, or the water, in violation of the ADA and section 206.2 of the 2010 Standards and 1991 ADAAG section 4.1.2(1) and (2), whose remedy is strictly required, or at minimum, readily achievable.

4F.    There are picnic tables provided at the beach patio level, but there are none have accessible seating or compliant accessible dining surfaces provided with required knee and toe clearances, in violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section 4.27.4, whose remedy is strictly required, or at minimum, readily achievable.

**Defendants' Villas**

4G.    The Defendants manage, operate and offer among the hoels' rental pool, as shown by the Grand Beach Resort and Sugar Beach Resort hotels' mutual website, tcbeaches.com, fully stocked Villas for rent to the public.  None are identified as mobility accessible, whereas a minimum of one must be. This is in violation of the ADA and section 224.5 of the 2010 Standards and section 9.1.4(1) of the 1991 ADAAG whose remedy is strictly required or, at minimum, readily achievable.

**Defendants' Policies and Procedures**

4H.    The Defendants lack or have inadequate defined policies and procedures for the assistance of disabled patrons, including a policy of maintenance of its accessible features, in violation of the ADA whose remedy is readily achievable.

4I.    The Defendants' inadequate procedures for the benefit of its patrons with disability extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster and Mark Fultz.

25.    The discriminatory violations described in Paragraph 24 by Defendant Grand Beach Resort Partners LLC and Defendant Sugar Beach Resort Partners, LLC are not an exclusive list of the Defendants' ADA violations.  Plaintiffs require further inspection of the Defendants' places of public accommodation and facilities in order to determine, photograph and measure all of the discriminatory acts violating the ADA and areas of non-compliance with the Americans with Disabilities Act creating barriers to handicap access. The Plaintiffs have been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

26.     Plaintiff restates the allegations of ¶¶1-25 as if fully rewritten here.

27.     The hotels at issue, as owned and operated by Defendant Grand Beach
Resort Partners LLC and Defendant Sugar Beach Resort Partners, LLC, constitute
public accommodation and service establishments, and as such, must be, but are
not, in compliance with the Americans with Disabilities Act ("ADA") or
Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

28.     Plaintiffs were unlawfully denied full and equal enjoyment of the goods,
services, facilities, privileges, and advantages of the property on the basis of
disability due to Defendants' failure to comply with Title III of the Americans with
Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. §
12182, *et seq.*

29.     The Plaintiffs, and others similarly situated, are presently without adequate
remedy at law and is damaged by irreparable harm.  Plaintiffs reasonably anticipate
that they will continue to suffer irreparable harm and Defendants will continue to
discriminate against Plaintiffs and others with disabilities unless and until unless
and until Defendants are required to remove the physical barriers, dangerous
conditions, and ADA violations that exist at the Facility, including those set forth
herein.

30.     Pursuant to 42 U.S.C. §12188, Plaintiffs request that the Court issue an

injunction requiring Defendants to bring their place of public accommodation into

full compliance with the implementing regulations of the ADA or at minimum

make all readily achievable alterations and institute policies and procedures as are

legally required to provide full and equal enjoyment of the goods, services,

facilities, privileges, and advantages on its property to disabled persons. In

connection with that relief, Plaintiff requests reasonable attorney's fees and costs

of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES
## CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

31.     Plaintiffs restate the allegations of ¶¶1-30 as if fully rewritten here.

32.     Defendant Grand Beach Resort Partners LLC and Defendant Sugar Beach

Resort Partners, LLC each operate a "place[s] of public accommodation" pursuant

to M.C.L §37.1301(a).

33.     Defendants have committed unlawful acts pursuant to M.C.L §37.1302(a) by

denying Plaintiff the full enjoyment of its goods, services, accommodations,

advantages, facilities, or privileges. Whereas, and in particular, the Defendants

have denied Mr. Foster and Mr. Fultz and others with mobility impairments access

to public restrooms, denied persons who require mobility accessible

accommodations their choice of various classes of guestrooms including suites,

denied access to compliant guestroom bathroom facilities for the important tasks of bathing and using the restroom in one's own hotel room. This risks Mr. Foster, Mr. Fultz and others' safety as well as treats them disparately from able-bodied travelers. In addition, the Defendant has failed to maintain accessible features of its parking lot or create an accessible means for the registration check-in process.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to come into full compliance with the implementing regulations of the ADA as is required for this hotel unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiffs:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C

6800 W. Central Ave., Suite C-1
Toledo, OH 43617
Phone (419) 241-9661
Facsimile (419) 241-9737
Monroe, MI (734) 240-0848
Email: obdjr@owendunnlaw.com